UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SAHRA SEDIGH SARVESTANI )
)
)
Plaintiff, )
)
)
v. ) Case No. 4:06CV01807-ERW
)
MICHAEL CHERTOFF, Secretary of the )
Department of Homeland Security, et al., )
)
)
Defendant(s). )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the Defendants Michael Chertoff, Secretary of the Department of Homeland Security, Alberto Gonzales, Attorney General, Emilio Gonzales, Director of U.S. Citizenship and Immigration Services ("USCIS"), Gerard Heinauer, Director of Nebraska Service Center for USCIS, and Robert Mueller III, Director of the Federal Bureau of Investigation's ("FBI")(collectively "Defendants") Motion to Dismiss Plaintiff's Compliant [doc. # 6].

**I.    BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff Sahra Sedigh Sarvestani ("Plaintiff"), a native of Iran, is currently in the United States as an H-1B non-immigrant worker, under 8 U.S.C. § 1184. Plaintiff applied for adjustment of status, as a derivative beneficiary of her husband's approved I-140 petition, on October 20,

---

[1]As this is a motion to dismiss, the Court's recitation of the facts is taken from the Plaintiff's complaint.

2004. Plaintiff's husband, Dr. Shoukat Ali, similarly filed for adjustment of status that same day. Plaintiff's husband's application was approved on December 22, 2005. However, a FBI name-check has not been completed with regards to Plaintiff, and her application is still pending.

Plaintiff filed the pending action against Defendants seeking to compel adjudication of her application for Adjustment of Status. Defendants did not file an answer, but filed a Motion to Dismiss for lack of Subject Matter Jurisdiction, or in the alternative for failure to state a claim. The Court will now address Defendants' motion.

## II. LEGAL STANDARD

Defendants move to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), or alternatively for failure to state a claim pursuant to Rule 12(b)(6). Since jurisdictional issues are properly decided in the context of a Rule 12(b)(1) motion to dismiss for want of subject matter jurisdiction rather than pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court will treat Defendants' motion as the former rather than the latter. *Brown v. United States*, 151 F.3d 800, 804 (8th Cir. 1998)("Because the sole issue decided by the district court was. . . a jurisdiction question- the district court should have viewed the motion as a 12(b)(1) motion for dismissal for want of subject matter jurisdiction"). In order for Plaintiff to be entitled to relief, she must plead and prove that this Court has jurisdiction to grant the relief requested. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks the claim based upon a lack of subject matter jurisdiction.[2] The issue is the court's "very power to hear the

---

[2]Rule 12(b)(1) states: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the

case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Consequently, a court faced with a Rule 12(b)(1) motion must determine whether the motion is brought as a facial or factual attack to the complaint. A court "restricts itself to the face of the pleadings" in a facial attack and the "complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 729, n. 6 (citations omitted). There are no contested facts in this case. Although the parties disagree over the USCIS and the FBI's ability to expedite the approval process, they do not disagree that the name check is the only impediment to adjudicating the Plaintiff's application for adjustment of status. Therefore, the Court treats Defendants' Motion as a facial attack and will confine itself to the face of the pleadings.

### III. DISCUSSION

Plaintiff has invoked two bases for jurisdiction in this case, Mandamus pursuant to sections 1361 and 1651 of title 28 of the United States Code and section 706 of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, in conjunction with the federal question statute, 28 U.S.C. § 1331. The Court will address each basis in turn.

**A. Writ of Mandamus**

Plaintiff first contends this Court has jurisdiction to consider her claim for relief in the nature of mandamus pursuant to §§ 1361 and 1651 of title 28 of the United States Code. "A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a

---

option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter. . .."
Fed. R. Civ. P. 12(b)(1).

nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060–61 (8th Cir. 2006) (Internal citation omitted). Evaluation of an alien's application to adjust status has been committed by Congress to the discretion of the Attorney General. 8 U.S.C. § 1225(a) states:

> The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1225(a) (emphasis added).

Plaintiff admits that the decision to grant her adjustment of status is discretionary; however, she argues that she is not seeking the discretionary approval of her claim but rather the resolution of her claim, either approval or denial, which she contends is not discretionary. *See e.g. Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2006) (holding that Immigration and Naturalization Services' duty to act on applications for adjustment in immigration status is nondiscretionary). Plaintiff further argues that 8 C.F.R. § 245.2(a)(5), the regulation promulgated for § 1225 adjustment of status, supports the non-discretionary nature of USCIS's obligation to make a decision on Plaintiff's application. 8 C.F.R. § 245.2(a)(5) states that "[t]he applicant *shall* be notified of the decision of the director..." (emphasis added). Plaintiff reasons that the term "shall" gives an agency a duty to act and thus Defendants must act on her claim. Defendants contend that although they have a duty to act, there is no statute or regulation which specifies a time frame in which the agency must act. *See e.g. Attias v. Chertoff*, 2006 WL 1738377 *2

4

(E.D.Mo. June 22, 2006)("Although the plaintiffs are understandably frustrated with the amount of time the claims have been pending, the Court is unaware of any statutory time-line for decisions on applications to USCIS"); *Jabr v. Chertoff*, 2006 WL 3392504 *2 (E.D.Mo. Nov. 21, 2006)("I am unaware of any statutory time-line for decisions on applications to USCIS"). More specifically, Defendants argue, the FBI does not have a nondiscretionary duty to complete a name check within any particular time period.

The Court finds that even though the Defendants may have a duty to make a decision on Plaintiff's application, there is no authority which states a time frame in which the decisions must be made. *Jabr v. Chertoff*, 2006 WL 3392504 *2. Furthermore, the regulation relied upon by Plaintiff, mandates only that the Plaintiff be notified once a decision has been made; it does not mandate the decision itself. 8 C.F.R. § 245.2(a)(5) ("the applicant shall be notified"). Plaintiff has failed to cite to any regulation or statute which places a mandatory time frame on adjudication of adjustment of status applications. As stated by the District Court in Texas, "[i]f there were a time period for adjudication specified in the governing statutes or regulations and that time period had been exceeded, this Court could order the agency to complete the adjudication." *Mustafa v. Pasquerell*, 2006 WL 488399, *4 (S.D.Tex. Jan. 10, 2006). No such time period exists.

In further support of this decision, Congress has precluded judicial review of "any judgment regarding the granting of relief under section . . . 1255 of this title [adjustment of status], or . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is . . . in [their] discretion . . . ." 8 U.S.C. § 1252(a)(2)(B) as

5

amended by the Real ID Act of 2005.[3] Since decisions regarding the evaluation of an alien's application for adjustment of status are within the Attorney General's discretion, section 1252(a)(2)(B) prohibits this Court from entertaining Plaintiff's requests for relief in the nature of a writ of mandamus. *See* 8 U.S.C. §§ 1252(a)(2)(B) & 1255. Mandamus is only available when Defendant has a non-discretionary duty. *Castillo*, 455 F.3d at 1060-61. Therefore, the Court does not have jurisdiction under the Mandamus statute.

### B. Administrative Procedure Act ("APA")

Plaintiff's second argument is that section 706 of the APA, in conjunction with 28 U.S.C. § 1331, the federal question statute, provides this Court with jurisdiction. Defendants respond that jurisdiction in Federal Court is lacking when the agency decision is not final, and that as no decision has been made in this case it cannot be considered a final agency action.

As a general rule, court intervention is not appropriate when an agency's decision is not final. *National Parks Conservation Assoc. v. Norton*, 324 F.3d 1229, 1239 (11th Cir. 2003) ("Only if the EPA has rendered its last word on the matter in question, is the action final and thus reviewable."). However, section 706(1) of the APA provides that courts may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). "In the absence of a definite statutory deadline for action," an agency's inaction may become final if one of three situations exist: (1) the agency affirmatively reject's a proposed course of action; (2) the agency unreasonably delays action; or (3) the agency delays responding, beyond the time in which action could be effective. *Coalition for Sustainable Resources, Inc. v. U.S. Forest Service*, 259 F.3d

---

[3] Pub. L. No. 109-13, Div. B § 106, 119 Stat. 231, 305 (2005). Section 1252(a)(2)(B) now explicitly precludes judicial review of such discretionary decisions when, *inter alia*, review would be based on 28 U.S.C. §§ 1361 and 1651, writ of mandamus. 8 U.S.C. § 1252(a)(2)(B).

1244, 1251 (10th Cir. 2001).

Plaintiff contends that the USCIS has unreasonably delayed action on Plaintiff's application. In support of this contention, Plaintiff cites to several cases which held varying amounts of time to be unreasonable.[4] An agency's failure to act may eventually be deemed unreasonable; however, as stated by Defendants, what qualifies as an unreasonable delay depends on the facts of the case and generalizations are difficult to make. *Singh v. Illchert*, 784 F. Supp. 759, 764 (N.D.Cal. 1992) ("[T]he Court cannot examine the reasonableness of delays for adjudication in a vacuum."). In the case at hand, the facts support a finding that the delay is reasonable. Congress has given discretion to USCIS to adjudicate applications for adjustment of status. The latitude provided to USCIS must be taken into account by this Court. Although it is not impossible that some set of facts may exist which create an unreasonable delay,[5] those facts are not present in the case at bar. In the similar case of *Attias v. Chertoff*, the plaintiff likewise was waiting on an FBI name-check to clear and the court reasoned that "the fact that the delay has been lengthy does not necessarily mean that action has been unlawfully withheld or

---

[4]*Paunescu v. INS*, 76 F. Supp. 2d 896, 901-02 (N.D. Ill. 1999)(holding 2 year delay unreasonable); *Yu v. Brown*, 36 F. Supp. 2d 922, 935 (D.N.M. 1999)("The Court cannot imagine a reasonable justification for allowing Yu's application to go unresolved for more than two years, until after Yu reached the age of majority meaning she may no longer be eligible for SIJ status"); *Galvez v. Howerton*, 503 F. Supp. 35, 39 (C.D.Cal. 1980)("In light of the statutory duty to fulfill yearly quotas and the INS's own standard for directing that interviews be set within 60 days, the 6-month delay in the present case is unreasonable").

[5]For example, the case cited by the Plaintiff where the individual seeking residency status was about to turn twenty one, making her ineligible for the relief sought. *Yu v. Brown*, 36 F.Supp.2d at 935. An extended delay in that case may not be reasonable. The Court also notes that the situation in *Yu* falls under a separate exception to the final ruling requirement. *See Coalition for Sustainable Resources, Inc. v. U.S. Forest Service*, 259 F.3d 1244, 1251 (10th Cir. 2001) (The third basis is that the agency delays responding, beyond the time in which action could be effective.).

unreasonably delayed." 2006 WL 1738377 *2 (E.D.Mo. June 22, 2006); *see also Yan v. Mueller*, 2007 WL 1521732 *9 (S.D.Tex. May 24, 2007)("The passage of time, standing alone, is not evidence of unreasonable delay where immigration applications are concerned").

There is no statutory or regulatory limit on the time that USCIS may take in evaluating an alien's I-485 application to adjust status to permanent resident. While it is unfortunate Plaintiff has had to wait over two years since filing her application, the Court cannot say that the delay is unreasonable, such that it confers jurisdiction pursuant to the APA. Plaintiff's second argument that Defendants have delayed responding beyond the time in which action could be effective, also fails, as by Plaintiff's own admission her H-1B visa is valid through August 19, 2007. Therefore, this Court lacks jurisdiction.

## IV. CONCLUSION

Plaintiff's claim to compel Defendants to adjudicate her application for adjustment of status is dismissed because it does not present any basis upon which this Court may exercise jurisdiction. The procedure by which an alien may apply for adjustment of status is by its very nature discretionary, and cannot be compelled by this Court.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [doc. # 6] is **GRANTED**.

Dated this 18th Day of June, 2007,

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE